# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1648

STUART W. GOLD
JOHN W. WHITE
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
C. ALLEN PARKER
MARC S. ROSENBERG
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
CHRISTINE A. VARNEY

PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KEITH R. HUMMEL
DAVID J. KAPPOS
DANIEL SLIFKIN
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
MARK I. GREENE
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS

ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN V. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY

MINH VAN NGO
KEVIN J. ORSINI
MATTHEW MORREALE
J. WESLEY EARNHARDT
YONATAN EVEN
BENJAMIN GRUENSTEIN
JOSEPH D. ZAVAGLIA
STEPHEN M. KESSING
LAUREN A. MOSKOWITZ
DAVID J. PERKINS
JOHNNY G. SKUMPIJA
J. LEONARD TETI, II

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

OF COUNSEL

PAUL C. SAUNDERS

October 28, 2013

<u>FHFA v. Credit Suisse Holdings (USA) Inc., et al., 11-CV-6200 (DLC) (S.D.N.Y.)</u>

Dear Judge Cote:

       We write on behalf of the Credit Suisse Defendants (collectively "Credit Suisse") in response to FHFA's October 24, 2013 letter, which asks the Court to compel Credit Suisse—at the eleventh hour of the period scheduled for depositions—to review and produce over 17,000 additional documents from the custodial files of Michael Fallacara. For the following reasons, FHFA's request should be denied.

       *First*, Credit Suisse's search protocol in this action was the product of extensive negotiations between FHFA and Credit Suisse. The end result was an agreed upon protocol that called for hundreds of search strings that were applied to the custodial files of 48 document custodians, resulting in the production of over 29 million pages of electronic and hard copy documents to FHFA. During those negotiations, Mr. Fallacara expressly was discussed as a potential custodian, but FHFA agreed that he need not be included given that both his direct reports and direct managers already were being included as custodians. (*See* Nov. 27, 2012 Ltr. from W. Pfeffer to L. Moskowitz at 1–2, Ex. A.) In striking that compromise, FHFA was well aware that Mr. Fallacara was the "Managing Director [for the] RMBS Conduit" (Oct. 22, 2012 Ltr. from C. Chung to L. Moskowitz at 2 n.1, Ex. B), a division that FHFA knew—based on organizational charts and other information produced by Credit Suisse in June 2012—included functions such as underwriting, servicing and originations (June 19, 2012 Ltr. from M. Reynolds to FHFA, Ex. C; CSFHFA000000555, Ex. D.). Now, FHFA baldly asserts that the reason for the parties' agreement was a representation by Credit Suisse that Mr. Fallacara's custodial documents would be "duplicat[ive]" or "redundant". (*See* Oct. 24, 2013 Ltr. from C. Chung to the Court at 1–2.) Credit Suisse never made any such representation. Nor could it have; no custodian's files duplicate another custodian's files. Rather, the parties discussed and mutually agreed that in light of the nearly 50 document custodians Credit Suisse agreed to search, including Mr. Fallacara's direct reports and his direct managers, a reasonable search could be performed without adding Mr. Fallacara as a

custodian. Indeed, even without designating Mr. Fallacara as a document custodian, an analysis of the documents produced by Credit Suisse in this action demonstrates that Credit Suisse has produced over 15,000 unique documents that were sent or received by Mr. Fallacara. The exhibits to FHFA's October 24, 2013 letter to the Court evidence that fact. (*See* Oct. 24, 2013 Ltr. from C. Chung to the Court at Exs. C, D, E, F, G and H.) When Defendants recently requested that FHFA add certain custodians, FHFA argued, and the Court agreed, that additional custodians are unwarranted when "there have already been voluminous searches" of custodians whose records likely overlap. (Sept. 23, 2013 Order at 2; *see also* Sept. 17, 2013 Ltr. from J. Corey to the Court at 2 ("FHFA reiterates that Defendants' request for new custodians months after document discovery has closed is untimely and unjustified."), Ex E.) The same principle should govern here.

*Second*, FHFA's request is untimely. "[T]he period for document discovery has closed." (Sept. 23, 2013 Order at 2.) When seeking new discovery, a "party must explain why the request was not made during the period set aside for document discovery and must justify reopening document discovery at the very time that the parties are taking depositions and . . . preparing expert reports". (June 28, 2013 Opinion & Order at 72.) FHFA attempts to satisfy this test by stating that its delay was due to Credit Suisse's supposed misrepresentation that Mr. Fallacara's documents are "redundant". (Oct. 24, 2013 Ltr. from C. Chung to the Court at 2.) As explained above, Credit Suisse never made such a representation. Moreover, in its correspondence with Credit Suisse on this issue, FHFA relied on documents cited in the complaint filed against Credit Suisse by the New York Attorney General that FHFA complained had not been captured by the parties' mutually agreed search protocol.[1] (*See* Aug. 30, 2013 Ltr. from A. Ng. to L. Moskowitz, Ex. F.) That complaint, however, publicly was filed and was known to FHFA on November 20, 2012—seven months before document discovery ended and more than 11 months before FHFA's application to this Court.[2] FHFA cannot justify its delay in raising these matters. And FHFA's argument that it would not be burdensome to add a new custodian, run a new search and then review the results for relevance and privilege is simply wrong. As the Court is aware, the parties are well into deposition discovery in these cases and entering into expert discovery imminently. Credit Suisse respectfully requests that FHFA's belated and unsupported request for more documents be denied.

---

[1] FHFA's additional request to compel the production of documents that were marked as exhibits during SEC depositions is particularly unwarranted because Credit Suisse already has produced to FHFA the exhibits from any relevant SEC depositions of Credit Suisse's current or former employees, including exhibits marked during Mr. Fallacara's SEC deposition. Similarly, Credit Suisse has produced to FHFA several dozen documents cited in the complaints filed by MBIA and the NYAG where those documents were returned by the parties' agreed search protocol. FHFA fails to justify why Credit Suisse should produce documents cited for purposes of distinct litigations by other plaintiffs that were *not* captured by the agreed search protocol in this case.

[2] FHFA's letter argues (for the first time) that Credit Suisse's rolling production of documents contained information that triggered this request; specifically, (1) documents produced from other custodians and (2) a deposition transcript and associated exhibits from testimony Mr. Fallacara provided to the SEC. (Oct. 24, 2013 Ltr. from C. Chung to the Court at 1–2.) But these documents all were produced to FHFA by May 2013, at the latest. For example, Exhibit D to FHFA's letter, which is quoted at length, was produced on October 17, 2012.

Respectfully,

/s/ Lauren A. Moskowitz

Lauren A. Moskowitz

The Honorable Denise L. Cote
    United States District Judge
        United States Courthouse
            500 Pearl Street, Room 1610
                New York, NY 10007-1312

BY EMAIL

Copy to:

All counsel of record

BY EMAIL