# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1648

November 15, 2013

<u>FHFA v. Credit Suisse Holdings (USA) Inc., et al., 11-CV-6200 (DLC) (S.D.N.Y.)</u>

Dear Judge Cote:

We write on behalf of the Credit Suisse Defendants (collectively "Credit Suisse") in response to FHFA's November 13, 2013 letter regarding deposition scheduling, which was filed without reaching an impasse with Credit Suisse. FHFA's letter mischaracterizes the facts.

*First*, FHFA's accusation that Credit Suisse has attempted to "backload[] and stack[] depositions just before the deposition deadline" is simply wrong. (Nov. 13, 2013 Ltr. from FHFA to the Court at 3, Ex. 1.) For several of the depositions that remain to be taken, the fact that they are taking place at this stage is a result of FHFA's repeated cancellations of scheduled depositions at the eleventh hour and its refusal to accept dates offered by Credit Suisse because it would inconvenience FHFA's counsel. For some period of time, Credit Suisse did not even know which witnesses FHFA intended to depose because of those cancellations and because FHFA noticed more than twenty fact depositions, which left Credit Suisse to guess which depositions to schedule. For example:

- In September, the parties agreed to hold Bruce Kaiserman's deposition on October 24-25, 2013. (Oct. 25, 2013 Ltr. from L. Moskowitz to Counsel at 2, Ex. 2.) After the close of business on October 22, 2013, FHFA informed Credit Suisse that the attorney scheduled to depose Mr. Kaiserman was unavailable. (*Id.*) FHFA refused to assign another attorney. (*Id.*) As a result, Credit Suisse was forced to reschedule Mr. Kaiserman's deposition from October to late November.

- Only three business days before Patrick Gallagher's scheduled deposition on September 24, 2013, FHFA notified Credit Suisse that it would be postponing the deposition on the basis of unspecified "document deficiencies". (Oct. 25, 2013 Ltr. from L. Moskowitz to Counsel at 1-2, Ex. 2.) FHFA never followed up on this

- supposed document issue (because there is none), and instead later noticed additional deponents above its allotment of 20.  FHFA ultimately withdrew its notice of Mr. Gallagher.  (Oct. 28, 2013 Ltr. from A. Enright to L. Moskowitz, Ex. 3.)

- On September 25, 2013, Credit Suisse offered October 24-25, 2013 for Keith Jones's deposition.  (Sept. 25, 2013 E-mail from L. Moskowitz to A. Ng, Ex. 4.)  FHFA was unwilling to accept these dates.  (Oct. 2, 2013 E-mail from A. Ng. to L. Moskowitz, Ex. 5.)  On October 11, 2013, Credit Suisse proposed November 4-5, 2013 for Mr. Jones.  (Oct. 11, 2013 E-mail from L. Moskowitz to A. Ng, Ex. 6.)  About a week later, FHFA announced that it wished to "postpone" Mr. Jones's deposition "until further notice".  (Oct. 17, 2013 E-mail from A. Ng. to L. Moskowitz, Ex. 7.)  This month, only after Credit Suisse sent a letter asking FHFA to clarify which witnesses out of the more than 20 witnesses it noticed it intended to depose, FHFA stated that it intends to proceed with Mr. Jones's deposition.  Thus, FHFA caused Mr. Jones's deposition to be delayed from October to the end of the deposition period.

- When Credit Suisse proposed October 26-27, 2013 for Jason Nordyk's deposition, FHFA rejected those days, causing Mr. Nordyk's deposition to be scheduled in late November instead.  (Oct. 7, 2013 E-mail from L. Moskowitz to A. Ng., Ex. 8.)

- Rather than requiring FHFA to use the Hague Convention on the Taking of Evidence Abroad, Credit Suisse offered to schedule Boris Grinberg's deposition in London on November 6-7, 2013.  (Oct. 25, 2013 E-mail from O. Nasab to A. Ng, Ex. 9.)  FHFA refused that offer.  (Oct. 28, 2013 E-mail from A. Enright to O. Nasab, Ex. 10).  To accommodate FHFA, the deposition was scheduled for the first week of December.[1]

*Second*, FHFA's statement that Credit Suisse "insisted that FHFA schedule the depositions of six substantial witnesses on dates between now and December 6", 2013 is not true.  (Nov. 13, 2013 Ltr. from FHFA to the Court at 2, Ex. 1.)  FHFA first raised the prospect of extending the period for depositions on a phone call on November 5, 2013.  On that call, Credit Suisse stated that it was intending to provide dates for all of the remaining witnesses before December 6, despite the challenges posed by the holidays and the personal and professional obligations of the noticed deponents.  Credit Suisse also committed to double or triple track depositions as necessary to conclude the depositions on time.  Counsel for FHFA responded that Credit Suisse's commitment to finish depositions before December 6 was "great news".  (*See* Nov. 13, 2013 E-mail from L. Moskowitz to A. Enright, Ex. 11.)

---

[1] In its letter, FHFA makes much of instances in which Credit Suisse's proposed dates exceeded the time windows set by the Deposition Protocol.  What FHFA omits, however, is its own repeated breaches of the Protocol's 10-day and 45-day periods with respect to FHFA witnesses.  (*See, e.g.*, Oct. 16, 2013 E-mail from E. Cochran to B. Stewart, Ex. 12) ("[W]e aim to propose dates within the 45-day window provided for by the deposition protocol, but we must work around the availability of witnesses and witnesses' counsel, as well as our own schedule.").)

       Following the call, however, when Credit Suisse proposed deposition dates for several witnesses to FHFA, FHFA rejected each of the proposals on the basis that its attorneys were busy taking depositions in other cases on "most days on the calendar between now and December 6". (Nov. 11, 2013 E-mail from A. Enright to L. Moskowitz, Ex. 13.)  When Credit Suisse urged FHFA to show more flexibility toward its staffing of depositions to allow the parties to finish before December 6, FHFA steadfastly refused.  On November 11 (two days before FHFA filed its letter with the Court) FHFA suggested to Credit Suisse that the parties "avoid[] all this" by "agreeing to a short, targeted extension of the December 6 deadline, *on the condition that we settle all the dates now*". (*Id.* (emphasis added).)  Thus, while FHFA stated that it shared Credit Suisse's desire to finish depositions before the December 6 deadline, in practice FHFA was interested only in an extension.

       Faced with FHFA's unwillingness to schedule a single additional deposition on "most days" remaining in the fact discovery period, Credit Suisse was left with little choice but to find dates for unscheduled witnesses outside of the discovery period to avoid burdening the Court with this issue.  Thus, Credit Suisse began the complicated task of coordinating dates for the remaining deponents to try to "settle on all dates now" as FHFA purported to demand.  (*See* Nov. 13, 2013 E-mail from L. Moskowitz to A. Enright, Ex. 11.)  FHFA's letter was filed two days later without the courtesy of checking in with Credit Suisse for its position.  Nevertheless, Credit Suisse has continued to work to schedule the remaining depositions between December 6 and December 20 and expects shortly to be in a position to provide FHFA with proposed dates.

       *Third*, FHFA's claim that it has been "awaiting" Credit Suisse's proposal of dates for its 30(b)(6) depositions is not true.  (Nov. 13, 2013 Ltr. from FHFA to the Court at 3, Ex. 1).  FHFA's 30(b)(6) notice to Credit Suisse was served on November 13, 2013—a mere thirty-minutes before FHFA electronically filed its letter with the Court.  (*See* Nov. 13, 2013 E-mail from J. Lee to Counsel, Ex. 14.)  Credit Suisse believes that this notice is too late and overbroad, but will address those issues with FHFA in the first instance.

       Subject to the Court's approval to extend the period for depositions in the Credit Suisse action until December 20, 2013, Credit Suisse will continue to work with FHFA to schedule the remaining depositions.

                                   Respectfully,

                                   /s/ Lauren A. Moskowitz

                                   Lauren A. Moskowitz

The Honorable Denise L. Cote
   United States District Judge
      United States Courthouse
         500 Pearl Street, Room 1610
            New York, NY  10007-1312

VIA ECF

Copy to:

All counsel of record

VIA ECF